(No. 2200— )

FRANK STYKA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1936.*

WACHOWSKI & WACHOWSKI, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The complaint charges that on the 18th day of November, 1932, the claimant was the owner and occupant of the premises commonly known and described as No. 15439 South Halsted Street in the Village of Phoenix and State of Illinois; that said premises were supplied with illuminating gas by mains and pipes running underground from a point approximately 20 feet South of said building, and from thereon Northerly through the foundation of said building and into the basement and continuing in said basement to a meter and various other parts of said building. It is charged that Halsted Street is a State Highway, and is being maintained by the State. It is also charged that the said illuminating gas was poisonous and when inhaled in sufficient quantities by human beings will cause serious injury or death, and it is charged that it was the duty of this State to erect and maintain a standard set of warning signs and direction posts of uniform design throughout Halsted Street and at the intersection of the street adjacent to claimant's premises. It is also alleged that it was the duty of the State to erect those signs so as not to damage property or do damage to or injury to life, but notwithstanding this duty, it so negligently and carelessly erected a sign at the North-East corner of 155th Street and Halsted Street that it broke one of the gas pipes leading to the basement of claimant's premises, and that this was done on or about the 18th day of November, 1932.

It is also alleged that at the time, the ground surrounding the place where the said sign was erected, was frozen and there was an impenetrable coat of ice, over and upon the surface of the earth at and near the place of the erection of said sign, and that prevented the gas from escaping through the surface of the ground at any point nearer than the basement of the claimant's premises, and because of this, the plaintiff was badly poisoned and has suffered damages in the sum of $10,000.00.

A motion was made by the Attorney General to dismiss this because the State is not responsible for the negligent and careless acts of its servants in the erection of the sign.

It is not averred or charged that the State knew, or by the exercise of due care and caution should have known, that

there was a gas pipe containing poisonous gas immediately under the sign that was erected, or that by the placing of the sign the State knew or should have known of the existence of the gas pipes and it would seem from authorities that even if the knowledge was possessed by the State that there could be no recovery from the State for the reason that in the construction and maintenance of its roads, the State acts in a governmental capacity and in the exercise of such governmental functions it does not become liable in actions for tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability. This court has long been committed to that view of the law. *Morrissey* vs. *State*, 2 C. C. R. 454; *Minear* vs. *State Board of Agriculture*, 259 Ill. 549; *Chumbler* vs. *State*, 6 C. C. R. 138; *Bucholz, Admrx.* vs. *State*, 7 C. C. R. 241, 243; *Derby* vs. *State*, 7 C. C. R. 145; *Braun* vs. *State*, 6 C. C. R. 104.

The motion of the Attorney General to dismiss will, therefore, be sustained.